(Decided Jan. 8th, 1864.)

## JOSEPH W. DAWSON vs. BENJAMIN KING.

LIMITATIONS—ADMISSIONS OF DEFENDANT: NEW PROMISE.—In an action of *assumpsit* the defendant pleaded *non assumpsit, limitations,* &c., the cause of action being an account for wheat seeded on land purchased in the year 1852, by the defendant from the plaintiff. The evidence was, that at the time of the purchase, and again shortly thereafter, the defendant refused to pay the claim when presented, alleging that he had bought the wheat with the land; it was also proved that in March 1856, the account was again presented to the defendant, "that he then took the account and carefully read it over, remarked that it had been of long standing and ought to have been settled before, but it was a matter in which Mr. Samuel C. Young was equally interested with him, and he was unwilling to settle it in the absence of Mr. Young; that he, the defendant, would come to Mr. Young's residence about the last of May, or beginning of June, that the person presenting the account should have notice of his coming, that he might meet him at Mr. Young's, and that it should then be settled." HELD:

1st. That the statements made by a defendant, to take a case out of the statute of limitations, must amount to "an admission of a present subsisting debt;" that the statements of the defendant in this case can by no legal intendment be held to be such an admission, nor can a new promise be deduced from the evidence as a legal implication.

Dawson *vs.* King.

APPEAL from the Circuit Court for Montgomery County :

This was an action brought by the appellant against the appellee, on the 20th of October 1858, on an agreement alleged to have been made in the autumn of the year 1852, by the defendant with the plaintiff, "to pay him the expenses of seeding a crop of wheat on a farm purchased by the defendant of the plaintiff, and in consideration of which the plaintiff put the defendant in possession of said property." The declaration also contained all of the common counts in assumpsit. The defendant pleaded the general issue, to the various counts, and the statute of limitations in different forms; and issues were joined on all the pleas.

At the trial, two exceptions were taken by the plaintiff to the ruling of the Court below, (BREWER, J.,) granting the prayers of the defendant, and refusing the prayer offered by the plaintiff. The prayers and evidence on which they depend are substantially presented in the opinion of this Court.

The verdict was, that "the defendant did not undertake and promise in manner and form as the said plaintiff within against him hath complained." Judgment was entered accordingly for the defendant, and the plaintiff appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Thos. S. Alexander*, for the appellant :

The result of the many decisions on the vexed subject of limitations, is very clearly stated in *Higdon's Adm'r vs. Stewart*, 17 *Md. Rep.*, 105, and *Keplinger vs. Griffith*, 2 *G. & J.*, 296: "Where the debtor makes an acknowledgment accompanied by a qualification or declaration, which, if true, would exempt him from a moral obligation to pay, he will not be bound." But "an acknowledgment of the debt, with a naked refusal to pay, or a refusal accompanied with an excuse for not paying it, which in itself implies

an admission that the debt remains due, and furnishes no real objection to the payment of it, is sufficient to take the case out of the statute.''

Now the prayer concedes the original liability of the defendant, and rests the defence on the insufficiency of the declarations made in 1856, to remove the effect of limitations pleaded.

The original promise was, that the defendant would refund to the plaintiff the costs he had incurred in seeding a crop of wheat. The amount expended was not ascertained at the time. It remained for future adjustment. But it is quite certain, that if the action had been brought within three years after the promise, and before any adjustment had been made, the plaintiff might have recovered on a *quantum meruit,* so much as he could prove that he reasonably deserved to have on that account.

In 1856 the bill of particulars is presented. The defendant examines it. The defendant says the bill had been of long standing, and ought to have been settled before. Now here is a distinct admission of the original liability, sufficient, if it stood alone, to remove the bar of the statute, and the question is whether, in what was further said by the defendant, there is any qualification or declaration, which, if true, would exempt him from his moral obligation to pay the debt admitted to have originally existed, and to remain unsettled? We say there is none. On the contrary, there is a distinct admission of the obligation to pay a debt originally unliquidated, but susceptible of adjustment, accompanied by a promise to adjust it. There is, therefore, a waiver of the bar of the statute, and as the plaintiff might have recovered on the original promise so much as he might have shown was the reasonable cost of seeding the crop, so he is now at liberty, in the absence of a settlement between the parties, to recover so much as a jury may say he reasonably deserves to have.

The cases of *Peterson vs. Ellicott,* 9 *Md. Rep.,* 52, and *Quinn vs. Carroll's Adm'r,* 10 *Md. Rep.,* 208, show, that the

admission of a debt of an unascertained amount, entitles
the plaintiff to recover so much as he can satisfy a jury is
really due him. Those cases fully answer the ground on
which it is presumed the decision in the Court below was
rested.

Where the language of the supposed admission is clear
and unequivocal, it is the duty of the Court to instruct the
jury that it is or is not sufficient to take the case out of the
statute. But where the terms of the admission will admit
of diverse meanings, and their construction may be influ-
enced by concomitant or antecedent circumstances, it is the
province of the jury, with the aid of the Court, to settle
their construction. If we are wrong therefore in our posi-
tion, that the declarations of the defendant were a waiver
of the statute, and that the Court ought so to have in-
structed the jury, it is submitted that the question was one
of construction for the jury, and that the Court ought
therefore to have rejected the defendant's prayers, and
ought to have instructed the jury that if they should find
that the defendant intended to admit his liability to refund
to the plaintiff the cost of seeding the crop, and intended to
leave, for further settlement, nothing more than the amount
to be paid, their verdict ought to be for the plaintiff; but
if they should find that the defendant intended to refer to
Mr. Young the question of his liability to the plaintiff for
any amount whatever, then their verdict ought to be for
defendant. It is a pregnant circumstance that the origi-
nal promise was to pay a sum not then ascertained, and on
the second occasion the liability is admitted before the
proposal is made to call on Mr. Young to assent in the
settlement. As Young would have to repay to the defend-
ant a part of the money which the defendant might pay to
the plaintiff, it was fit that Young should be called in to
adjust the account. But the defendant alone was debtor
to the plaintiff, and the weight of his obligation to the
plaintiff could not be lessened, much less wholly removed,
by Young's failure to acknowledge his obligations to the
defendant.

*A. Randall* and *A. B. Hagner*, for the appellee, argued:

That the Court below was correct in both of its opinions, and this Court should affirm the rulings on each branch of the exception.

I. *On the first branch of the exception,* because the words spoken by the defendant are not an acknowledgment of a present subsisting just debt, nor do they constitute an unqualified promise to pay the claim sued on, either express or implied. *Rogers' Ex'cr vs. Waters,* 2 *G. & J.,* 64. *Frey vs. Kirk,* 4 *G. & J.,* 509. *Duvall vs. Peach,* 1 *Gill,* 172. *Kent's Adm'r vs. Wilkinson,* 5 *G. & J.,* 497. *Mitchell vs. Sellman,* 5 *Md. Rep.,* 376. *Stockett, Adm'r, vs. Sasscer,* 8 *Md. Rep.,* 375. *Higdon's Adm'r vs. Stewart,* 17 *Md. Rep.,* 105. *Bell vs. Mott,* 1 *Peters.,* 357.

II. *On the second branch of the exception:* 1st. Because of the reason assigned above.

2nd. Because the testimony is incorrectly stated, and such an instruction would mislead the jury. *Chesnut vs. Smith,* 9 *Gill,* 160. *Long vs. Eakle,* 4 *Md. Rep.,* 454. *Balt. & O. R. R. Co., vs. Resley,* 14 *Md. Rep.,* 424.

3rd. Because this prayer assumes that there was an acknowledgment and admission of the claim made by the defendant. *Maltby vs. North. Va. R. R. Co.,* 16 *Md. Rep.,* 422, and the cases there referred to. *Fells Point Savings Institution vs. Weedon,* 18 *Md. Rep.,* 320.

The appellee will further contend, that under no circumstances will this Court send the cause back.

III. Because the jury have found a verdict in these words, on the plea of *"non assumpsit:"* "that the defendant did not undertake and promise in manner and form as the plaintiff within against him hath complained;" so that the evidence on the plea of the statute of limitations is immaterial, and the plaintiff can in no way be injured or benefited by that evidence, or the instruction of the Court thereon. *Berry vs. Harper,* 4 *G. & J.,* 467. *State vs. Green, Id.,* 381. *Mudd vs. Harper,* 1 *Md. Rep.,* 115. *Crop vs. Hall,* 4 *Md. Rep.,* 426, and *Long vs. Eakle, Id.,* 454. *Stewart*

vs. *Spedden*, 5 *Md. Rep.*, 433. *Hurst & Berry vs. Hill*, 8 *Md. Rep.*, 403.

IV. Because the evidence offered not being in writing, was illegal under the statute of frauds, the same being by parol and offered in an action brought to charge, &c., the defendant, in consideration of an interest in or concerning lands," &c. 2 *Stark. Ev.*, 592 and 598, &c. *Bro. Stat. of Frauds*, 249, 254. *Mechelon vs. Wallace*, 7 *Adol. & Ell.*, 49. *Smith vs. Bryan*, 5 *Md. Rep.*, 141. 1 *Greenlf's Ev.*, sec. 271, note 1. *Teyson vs. Mooney*, 9 *Johns*,, 358.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The principal question presented by this appeal is, whether the evidence submitted by the plaintiff to the jury at the trial of the case, removed the bar of the statute of limitations pleaded by the defendant.

Two prayers were presented to the Circuit Court, one by the defendant "that the evidence in this cause, if believed by the jury, is not sufficient to take the case out of the statute of limitations" which was granted; the other by the plaintiff, enumerating in his prayer, certain items of the evidence, which, if believed by the jury, he claims, would remove the bar of the statute.

The Circuit Court having granted the defendant's prayer upon the *whole* evidence, the correctness of that ruling could be ascertained only by an examination of all the evidence. This examination we have carefully made and are of opinion that the prayer was properly granted.

The claim made by the appellant upon the appellee, was for wheat seeded on the land purchased by the latter in the fall of 1852.

From the evidence of S. C. Young, it appears that the appellee refused to pay the claim when presented, alleging that he had bought the wheat with the land. This was at the time of the purchase of the land.

George W. Dawson testified on cross-examination, that the appellant stated to him, that he, the appellant, "pre-

sented the account to the defendant on the 3rd day of January 1853, "and that the defendant refused to pay the same, insisting that the wheat was purchased with the land and was included in the thirty dollars per acre given by him for the land."

It does not appear from the record that any further demand was made on the appellee for the payment of this claim until March 1856, when the witness Dawson, professing to act as the agent of the appellant, met the appellee and presented the account for payment. This is the account set out in the record.

At this meeting the conversation detailed by Dawson in his evidence, took place, and the statements made by the appellee are relied on to take the case out of the statute. Whether they were sufficient for that purpose, must depend upon the inquiry, did they amount to "an admission of a present subsisting debt," of which character must be an acknowledgment to take the case out of the statute. See 4 *G. & J.,* 509.

In view of the positive refusal of the appellee to acknowledge the appellant's claim, his subsequent conduct and declarations as detailed by Dawson, his taking a copy of the account, his statement that the claim was of long standing and ought to have been settled before, but was a matter in which Mr. Young was equally interested with him, can, by no legal intendment, be held to be "an admission of a present subsisting debt," nor can a new promise be deduced from the evidence as a legal implication.

In the case of *Higdon's Adm'rs vs. Stewart,* 17 *Md. Rep.,* 111, it is said, "the declaration or acknowledgment must be taken as a whole, and it cannot be disproved as to any part; offered by the plaintiff as his proof he will not be allowed to adopt the admission and reject the qualification."

We concur in the ruling of the Circuit Court in granting the appellee's prayer; and as the prayer submitted by the appellant if granted, would have placed the Court in opposition to itself, it was properly rejected.

We deem it unnecessary to express any opinion upon the point made by the appellee under the statute of frauds. Our decision upon the question of the statute of limitations is conclusive of the whole case.

*Judgment affirmed.*

(Decided Jan. 8th, 1864.)