THE STATE OF KANSAS *ex rel.* THOMAS S. SHAW *et al.* *v.* THE MAYOR AND ALDERMEN OF THE CITY OF WYANDOTTE, Respondents.

### *Application for Writ of Mandamus.*

*Held* that an application of a person interested, to the council of a "city of the second class" for a reassessment and relevy of an informal tax, under art. 3, sec. 2, sub'd 42 [L. '67, p. 120], cannot be enforced by writ of mandamus, except at the time fixed for levying general taxes.

Decision involving same principle in Price *v.* The Board of State Can vassers [3 Kans., 88], *confirmed.*

A sufficient statement of the facts of the case is contained in the subjoined opinion of the court.

*Bartlett & Hale,* for the relators.

*Scroggs,* for the respondent.

*Bartlett & Hale* urged upon the attention of the court, in behalf of the relators, the following:

1. The wording of sub. 42, sec. 2, art. 3, of the second class city act, of February 23, 1867, makes it retrospective. It was a remedial and equitable subdivision. It applies to cases occurring before the passage of the law, and was intended so to apply. The statute should receive a liberal interpretation. When it is evident from the terms of the statute that the legislature intended a retroactive effect, it must be so interpreted. (*Blackw. on tax titles*, §§ 113, 627; 1 *Scam.*, § 191; 7 *Johns.*, 477; 3 *Me.*, 333; 1 *Den.*, 128; 7 *O.*, 247; 2 *N. J.*, 623; 9 *Ga.*, 253; 1 *Penn.*; 211; 1 *Barb.*, 65; 3 *Mass.*, 254; 4 *Mass.*, 439; 20 *Johns.*, 80; *Blackw. on tax titles*, 608, 609, 610, 611, 623.) "Statutes are to be so constructed as to suppress the mischief, advance the remedy, and preserve fundamental principles." (*Blackw. on tax titles*, 622, § 135; 8 *Johns.*, 41; 10 *Johns.*, 467.) "*Expressio uno est exclusio alterius.* The express mention of one thing implies the conclusion of another." *Brown's Maxims*, 505; *Blackw. on tax titles*, 632, § 240.

2. The section, then, having a retroactive operation, is the assessment in question illegal, so as to entitle the relators to its beneficial provisions? "The power to impose a tax upon real estate is a high prerogative and should never be exercised in doubtful cases. It is a power derogatory of the common law, derived exclusively and directly from a statute, and in carrying its provisions into effect must be strictly pursued, or the proceedings will be illegal and void." *Sharp* v. *Spier*, 4 *Hill*, 76, 85; *Blackw. on tax titles*, 33, 34 *to* 64, inclusive.

3. The special tax was levied and collected while the municipal affairs of the city were being conducted under its charter of A. D. 1859, and hence the legality of the tax is to be determined by its provisions. The provision therefor being general (§ 6, *L.* '59, 480), the city council were authorized to define the proceeding, as they did in ordinance No. 51.

4. The grand objection, however, to the proceeding under this ordinance arises from the act approved Feb. 26, 1864. (*L.* '64, *p.* 228.) The second section thereof provides for certifying up to the county clerk, for the purposes of collection, all delinquent taxes in cities of less than 7,000 inhabitants, the same to be collected as other taxes.

5. As the city of Wyandotte had less than 7,000 inhabitants, the delinquent assessment should have been certified to and collected by the county officers.

6. It may be safely affirmed, as a general rule, that the party claiming title under a tax sale must show that the acts required to be done under the statute, in order to divest the title of the former owner, were performed by the officers of the law, and not simply by persons who assumed to act in an official capacity. (*Blackw. on tax titles*, 91.) This has not been done.

7. Where the taxes are legally assessed, they become a debt due the corporation, and an action of assumpsit is the appropriate remedy to recover the tax in all cases where the charter is silent as to the mode of collection.

8. In the charter of the city of Wyandotte no provision is made for the collection of assessments. There is a radical distinction between taxes for general purposes and assessments. Taxes are burthens to be equally levied upon all taxable property within the

corporation, while assessments are special taxes on the lots benefited by some city improvement, ordered by the mayor and aldermen, and existing within their powers by the terms of the charter. The section of the charter giving to the city council power to levy and collect a special tax, section 6, article 8, is silent as to the mode of collection ; hence the assessment could only have been collected by action. "No general law, regulating the taxing power of the state at large, can be construed in any given case as embracing taxes levied by such corporations." *Fitch* v. *Pinckard*, 4 *Scam.*, 69 ; *Blackw. tax titles*, 449.

9. The imposition of the penalty of ten per cent. on each delinquent tax-payer was truly a monstrous provision. All penal statutes are to be construed strictly, and surely such an one as this above all others. § 18, *art. 7, of city charter*; 1 *Penn.*, 210 ; 6 *Greenl.*, 268 ; 4 *Conn.*, 61 ; *Blackw. tax tit.*, 628.

*By the Court,* SAFFORD, J.

The relators made application to the city council of Wyandotte, that under and by virtue of the provisions of sec. 42, chap. 68, laws of 1867, the said city council should proceed to order and direct a reassessment of certain taxes from which they, the relators, might be enabled to realize a large sum of money, which they claimed to be due to them from the city, for work done upon certain streets in said city. In their said application the relators set forth that a special tax had previously been levied to provide means for the payment of the money so due to them for said work, but owing to the illegal mode of procedure adopted for the levying, assessing and collecting of

said tax, the same had failed of being collected, and that it never could be collected.

The provisions of the section relied on are as follows: In case any city council has attempted to levy or assess any taxes for improvements, or for the payment of any bonds or other evidences of debt that are or may have been informal, illegal or void, for the want of sufficient authority, or other cause, the councils of such cities, at the time fixed for levying general taxes, shall relevy and reassess any such taxes in the manner provided by this act, or shall bond such taxes and assessments, as herein provided for other city indebtedness.

The city council of Wyandotte refused the application of the relators to reassess the said tax, or to bond the amount due.

Taking it for granted that the showing of the relators, in their application to the city council, was correct in all the statements therein contained, there was doubtless a proper case for the consideration of said council, under the provisions of the section above quoted, if such application was presented for their action thereon at the proper time. But it is shown that the petition or application of the relators was made and acted upon on the 7th day of January, A. D. 1868, while the provision of the section referred to is to the effect that such reassessment and relevy of an informal, illegal or void tax, as was asked for by the relators, must be ordered at the time fixed for levying general taxes.

It perhaps was well and proper enough for the relators to make their showing to the council at any time they chose to do so, but they could not reasonably expect it to be acted upon until the time for levying

general taxes should arrive, and especially so if the council should direct a relevy of the tax. We cannot, therefore, say that because the city council of Wyandotte refused the request of the relators when presented and considered at an improper time, they would refuse a like application if made at a time when the law authorized them to act in the premises, and to relevy the tax or bond the amount, as they might think best for the city. We think the record does not present a case for our interference.

The same question here discussed was presented to and considered by this court in the case of The State *ex rel.* Nathaniel Price *v.* The Board of State Canvassers. 3 *Kans.*, 88.

Mandamus refused.

All the justices concurring.