Dobbs v. Stauffer.

L. D. Dobbs, *et al.*, v. H. O. Stauffer, *Director*, and H. E. Dewey, *Clerk of School District No. 64, Marshall County.*

*Original Proceedings in Mandamus.*

Action brought by plaintiffs to compel defendants, who are members of the school board of School District No. 64, Marshall county, Kansas, to rescind an order made by them September 11th, 1879, rescinding an order made by the former school board, adopting Cowperthwait & Co.'s school publications for use in the district school; and also to compel them to readopt said publications, and reintroduce them into the school.

The parties plaintiff are L. D. Dobbs, who alleges that he is agent for Cowperthwait & Co.'s publications for the state of Kansas; Wm. Thompson, who is the local agent of said Dobbs to sell said publications; Mary J. Thompson and E. F. Benedict, resident tax-payers in said district; and eleven minor children, represented by their parents—Wm. Thompson, A. J. Palmer, Wm. H. Lea, and E. F. Benedict, as next friends—and who, it is alleged, are debarred of the privileges of the school in said district by reason of the action of defendants.

The alternative writ of mandamus was allowed February 5th, 1880, and on the return day, February 24th, 1880, the defendants filed a motion to quash, for various reasons: among others, because—

1st. There is a misjoinder of parties plaintiff.

2d. The said alternative writ of mandamus does not show that any demand has ever been made upon said defendants, or either of them, to do or perform the acts required in said writ.

3d. There is no identity of interest shown in said alternative writ to exist between said plaintiffs.

4th. The said alternative writ of mandamus does not state facts sufficient to entitle the plaintiffs to the relief sought for.

*B. Giltner,* for plaintiffs.

*John Martin,* and *Edward A. Berry,* for defendants.

*Per Curiam:* The writ in this case is fatally defective in failing to show that a demand has been made on the defendants, to do the thing sought by this proceeding to compel them to do. A demand and refusal are prerequisites to the institution of such proceedings. (*The State v. Carney*, 3 Kas. 88.)

Again, the several plaintiffs have no identity of interest. Indeed, if any suit can be maintained by the plaintiffs, each plaintiff can sue alone, and the others are not necessary parties. In whatever aspect we may view the case, the plaintiffs have no joint action. (*Hudson v. Comm'rs of Atchison Co.*, 12 Kas. 140.)

The motion of defendants to quash the alternative writ will be sustained, and the action dismissed.