# BALTIMORE CITY COURT

Filed March 15, 1897.

JOSEPH F. FARNEN
VS.
ALCAEUS HOOPER, MAYOR, ET AL.

*Charles Marshall* and *John P. Poe* for petitioners.

*Thomas G. Hayes* and *Thomas Ireland Elliott* for respondents.

WICKES, J.—

The main question involved in the discussion of this demurrer has been decided in an opinion filed in the case of John F. New vs. Alcaeus Hooper, Mayor of the City of Baltimore. In that opinion it is decided that the Old School Board, as it is called, was legally appointed under an ordinance of the city by the two Branches of the City Council in joint convention.

The question now to be considered is whether they have been properly removed by the Mayor. The provision of the city charter under which it is supposed he was authorized to remove at his pleasure is found in Article 4, Section 31, of the Code of Public Local Laws, and is as follows:

"All persons holding office under the corporation of the City of Baltimore shall, unless otherwise provided by law or ordinance, hold their respective offices during the pleasure of the Mayor."

The act of removal in this case, as set out in the petition, was as follows: The Mayor having been advised by the law department of the city, that the board of commissioners of public schools of this city was not legally constituted, addressed a letter to Mr. John T. Morris then acting as president of the board, under date of January 8, 1897, in which he inclosed the opinion he had received from the law officers of the city, and requested him to communicate its contents to his colleagues.

On January 11, 1897, the Mayor sent another letter to Mr. Morris acknowledging the receipt of one from him, (which does not appear in either the petition or answer,) and further informing him that in conformity with his expressed intention "I have removed the gentlemen who have heretofore acted as the school board by the appointment and qualification of the gentlemen who have met and organized, &c."

The answer admits "that the letters set out in the fifteenth paragraph of the petition were written by the Mayor to John T. Morris, as therein averred, and that the action of the Mayor in removing said petitioners, as set out in said petition, is substantially correct, &c."

So that the removal consisted in the appointment of others to fill the places on the board then in existence de jure, as we have found, and de facto, in the fullest sense of that term. The only power the Mayor has to appoint during the recess of the councils is to fill a vacancy, and, if I correctly understand the act of removal in this case, there was no vacancy at the time he made his appointments, except such as he created by these appointments.

Now it is settled law that the vacancy must first exist before the power to appoint can be exercised.

In Smoot vs. Somerville, 59 Md. 94, Judge Alvey said: "It is too clear for question that the Governor cannot make a vacancy in the office by appointing a successor to the incumbent. The vacancy must actually exist before the power of appointment can be exercised, for it is only the existence of the vacancy that can call into activity the power to appoint."

If this plain proposition requires additional support, it will be found in Ash vs. McVey, decided in January by the Court of Appeals.

It was urged at the argument of this case that the school commissioners not

having been legally appointed, the office was to be considered vacant, and as such could be filled by the Mayor during the recess of the councils. In other words, that an office never filled at all may be considered vacant for all the purposes of this case.

This question has been variously decided outside the State, but the suggestion of the Court in Ash vs. McVey seems to place us in the list of States where the constitutional meaning of the term vacancy presupposes a former incumbency which for some reason has ceased to exist.

But even had the old board of school commissioners been but a de facto board, it is difficult to see how it could have been gotten rid of in this fashion.

But as we have found that it was de jure as well, it is clear, I think, that, conceding the power of the Mayor to remove at pleasure, which may well be doubted, as applied to a board appointed for a fixed period, he has not properly exercised that power in this case.

It is further objected to the proceeding in this case that the interests of the petitioners are separate and independent, and that they cannot join in one and the same petition. Nor can the respondents be so joined. But it seems to be settled in this State, that such bodies are quasi corporations, and may sue and be sued.

School Commissioners vs. County Commissioners, 20 Md. 449.

School Commissioners of Baltimore City vs. School Board of Education, 26 Md. 505.

O'Neal vs. School Commissioners, 27 Md. 227.

School Commissioners of Wicomico County vs. School Commissioners of Worcester County, 35 Md. 203.

School Commissioners vs. School Commissioners, 77 Md. 283.

But even if the question admitted of serious doubt, it might well be said as by the Court of Appeals in 35 Md. 203, that "with the opinion entertained by this Court in regard to the main question involved, the question as to the technical parties to the record, is of small importance."