The People of the State of Illinois ex rel. James C.
Bailey et al., Appellee, v. City of Chicago et al.,
Appellants.

Gen. No. 23,681.

1. MANDAMUS, § 119*—*who may not join in same writ as relators.*
Where the interests of several relators seeking redress by man-
damus are separate and independent they cannot join in one and
the same writ.

2. MANDAMUS, § 139*—*when petition for restoration of several
persons to former rank as police officers is insufficient.* A petition
for mandamus on the relation of several persons claiming to have
been unlawfully reduced in rank as police officers and praying to
be restored to their former rank is bad on special demurrer, since
there was no community of interests among the relators, even if
they held positions of the same rank and were unlawfully removed
therefrom by the same order.

Appeal from the Superior Court of Cook county; the Hon. WIL-
LIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch
Appellate Court at the October term, 1917. Reversed. Opinion filed
June 14, 1918. Rehearing denied June 24, 1918.

SAMUEL A. ETTELSON, for appellants; ROY S. GAS-
KILL, of counsel.

A. D. GASH, for appellee.

MR. PRESIDING JUSTICE·BARNES delivered the opinion
of the court.

This is a petition for a writ of mandamus on rela-
tion of fifty-two persons claiming to have been unlaw-
fully reduced in rank as officers of the police depart-
ment of the City of Chicago, and praying to be restored
as senior detective sergeants of police. Respondents
demurred to the petition, alleging as one ground of
special demurrer a misjoinder of parties as relators

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

in said cause. The demurrers were overruled and respondents electing to abide by the same have appealed from the order awarding the writ.

When the interests of several relators seeking redress by mandamus are separate and independent they cannot join in one and the same writ. (High's Extraordinary Legal Remedies, 3rd Ed. sec. 439.) As tersely stated by Chief Justice Holt in *The Case of Andover,* 2 Salk. 433: ''Five persons cannot have *one* writ of mandamus to be restored; for though the end of the writ is to do justice, yet the foundation is the wrong in turning them out, and the turning out of one is not the turning out of another.'' The principle has been recognized and followed in *Smith v. Erb,* 4 Gill (Md.) 437; *Heckart v. Roberts,* 9 Md. 41; *Hoxie v. Somerset County Com'rs,* 25 Me. 333; *Dobbs v. Stauffer,* 24 Kan. 127; *Wright v. Gallatin County Com'rs,* 6 Mont. 29. There is no community of interests between the relators, even if they held positions of the same rank and were unlawfully removed therefrom by the same order. Hence a separate petition for each would be necessary. The special demurrer should have been sustained on the ground assigned. That being the case, we need not review other alleged defects in the joint petition.

*Reversed.*