## Bitting v. Red Hill Borough Council.

*Taxation—Tax collector—Duplicates—Mandamus to compel delivery of duplicates—Bond—Act of May 8, 1923, P. L. 171.*

1. Mandamus is never granted in anticipation of error of conduct, or of defect, or supposed omission of duty; and this is so however strong the presumption may be that the persons whom it is sought to coerce by the writ will refuse to perform their duty when the proper time arises.

2. Where a borough council has refused to inform the tax collector of the amount of the duplicates, but it appears that he subsequently became informed of the amount thereof and, notwithstanding such information, did not file his bond, he cannot compel the borough council by mandamus to issue to him the tax duplicates.

3. Until the bond is filed, the council cannot be required to deliver the duplicates to the collector.

4. In such case, the court will not anticipate that the council will refuse to deliver the duplicates when the bond is filed.

Mandamus. Demurrer to answer. C. P. Montgomery Co., June T., 1923, No. 238.

*Wallace M. Keely*, for plaintiff; *William F. Dannehower*, for defendants.

WILLIAMS, J., Dec. 29, 1924.—On the eighth day, being the first Tuesday after the first Monday, of November, 1921, at the regular municipal election held in the single election district of the Borough of Red Hill, this county, John R. Bitting, the relator, was elected collector of taxes. On the seven-

teenth day of the month, he entered into a bond, in the sum of $1000, to the Commonwealth, with two sureties, conditioned that he should and would truly pay over, or account for, according to law, the whole amount of the tax charged and assessed in the duplicate which should be delivered to him. On the same day, the bond was approved by the Court of Quarter Sessions of this county and filed in the office of the clerk of the said court. At the same time, the court approved, also, the sureties on the bond.

On the second day of the following June, the relator took and subscribed an oath of office and filed the same in the office of the said clerk.

On the fourteenth day of the next August, the relator entered into a second bond—this time, however, in the sum of $9452.60—conditioned, substantially, as the first obligation had been. Two days later, the second bond, together with the sureties thereof, likewise, was approved by the court and filed in the office of said clerk.

From then on, the relator attempted to perform the duties of his office until the sixth day of August, 1923, when the defendant council, because of failure and neglect in the performance of official duty on the part of the relator, the acts of failure having been (1) to collect certain outstanding taxes, (2) to make monthly returns and payments of such taxes as actually had been collected and (3) to file a bond for the amount of the tax duplicate of the current fiscal year, removed the relator from office and, by virtue of the provisions contained in the Act of May 8, 1923, P. L. 171-2, filled the office of tax collector by appointing, by resolution, a suitable person, one Harvey Gerhart, resident in the said borough, until the next municipal election.

About a month before the passage of the resolution, counsel for the defendants, by letter, had notified the relator and his sureties that if, within fifteen days, the latter, as collector, did not settle his accounts for the taxes theretofore received but not yet paid over, proceedings would be instituted for his removal. Neither principal nor sureties paid any attention to the written notification.

Some thirty days after the relator had been removed from office, he filed his petition praying for a writ of alternative mandamus against the defendants, commanding them to give him the amount of the duplicate for the borough taxes and, upon the filing by him and approving by the court of his bond, to deliver to him such duplicate and an appropriate warrant for the collection of the taxes set forth in the duplicate.

The petitioner represented, first, that, upon completion of the duplicate, it had become the duty of the defendants to inform the relator of the amount of such duplicate, so that he might prepare and execute the necessary bond, and, second, that, upon the delivery and approval of the bond, it would become the duty of the defendants to deliver to the relator the duplicate and accompanying warrant.

With reference to the first representation, the petitioner averred that, upon inquiry by him, the secretary of the defendant council had said "he could not tell him exactly."

The alternative writ having been awarded, on the return-day thereof, the defendants, by answer, denying that the relator was legally qualified to receive the borough tax duplicate, that he was legally performing the duty of his office as tax collector, that, when the borough tax duplicate had been prepared for delivery, it became their duty to inform him of the amount of the taxes therein contained and that, upon inquiry, the secretary had stated he could not tell the relator the exact amount of the duplicate, asserted that, quite to the contrary, on or about the eighth day of August, in response to the tele-

phonic request of the relator, the secretary had given the former the exact amount of the borough tax duplicate in figures, to wit, $3265.74. The defendants asserted, also, that upon no other occasion had they been requested to state the amount of the duplicate and that such amount was the identical sum already furnished to the relator.

Passing the question whether the relator, before he entered upon the duties of his office, took and subscribed an oath of office and filed the same in the manner prescribed and intended by the Act of May 8, 1909, P. L. 474, and assuming, although not necessarily conceding, that it was the clear duty of the defendant council to have informed the relator of the exact amount of the taxes appearing on the duplicate, if that which is sworn to in the answer be true—and, in view of the filing of the above demurrer, we must accept it as verity—no good reason exists to make the alternative writ peremptory, for the relator not only now has the information he seeks but throughout the whole month preceding the filing of his petition was in possession of the desired knowledge.

In connection with the second request of the relator, namely, that we command the defendants to deliver him a duplicate and warrant when he shall have filed his bond and the obligation shall have been approved by us, if the well-pleaded fact of the answer be true that on the eighth day of August he knew the exact amount of the duplicate, that was the time when he should have prepared, executed, filed and had approved his bond. Having been enlightened as to the amount of borough taxes charged and assessed in the duplicate, as far as is shown by the pleadings, no obstacle so stood in the road of the relator as to prevent his entering into the bond he says he was willing and anxious to give. If, through no fault on the part of any of the defendants, the relator failed then to take time by the forelock and qualify himself to receive the duplicate, he is now in no position to compel by the extraordinary remedy of mandamus the delivery of the duplicate to him at some far-off undetermined date when he shall have done some future act and thereafter the mode of the performance of that act shall have met with judicial sanction.

Mandamus is never granted in anticipation of error of conduct, or of a defect, or supposed omission, of duty: Blackborough *v.* Davis, 1 P. Wms. 41, 48, Tapping on Mandamus, Chapter the Third, Of the Legal Principles Which Govern the Dispensation of the Writ of Mandamus, etc., page 63; and Commissioners of Public School *v.* Commissioners of A. Co., 20 Md. 449, 460 (1863), Bowie, C. J.; however strong the presumption may be that the persons whom it is sought to coerce by the writ will refuse to perform their duty when the proper time arises. It is, therefore, incumbent upon the relator to show an actual omission on the part of the defendants to perform the required act and, since there can be no such omission before the time has arrived for the performance of duty, the writ will not issue before that time: State *v.* Houston, 4 So. Repr. 50, 52-3 (1888), Fenner, J. (S. C. of La.). In other words, the relator must show that the defendants are actually in default in the performance of a legal duty now due at their hands and no threats or predetermination can take the place of such default before the time arrives when the duty should be performed. The law does not contemplate such a degree of diligence as the performance of a duty not yet due: State *v.* Burbank, 22 La. Ann. 298, 300 (1870), Ludeling, C. J.; State *v.* Dubuclet, 24 La. Ann. 16, 17 (1872), Wyly, J.; The State ex rel. Price *v.* Carney et al., 3 Kan. 88, 91-3 (1864), Crozier, C. J.; and High's Extraordinary Legal Remedies, Part I, The Law of Mandamus, Chapter I, Of the Origin and Nature of

the Writ of Mandamus, Section 12, Courts Will Not Anticipate Omission of Duty, page 14.

The relator should show not only the obligation of the defendants to deliver the duplicate but also their failure, or omission, to deliver it. There can be no failure, or omission, to do an act before the arrival of the earliest day upon which the act can be done. The earliest day upon which the law authorizes the defendants to deliver the duplicate cannot arise until after the filing and approval of the bond of the relator. Admittedly, his bond has not yet been prepared, much less executed, filed and approved: The State ex rel. Price v. Carney et al., 3 Kan. 88, 91.

The relief the relator prays is prospective. He anticipates, because, in the past, council has refused to divulge the amount of the duplicate, that, in the future, it will refuse to deliver the duplicate itself. Natural, under the circumstances, as is the anticipation of the relator in this respect, after all, it is but a presumption, upon which the court cannot act, strong as may be the judgment, on probable grounds, as to the future conduct of the defendants: Commissioners of Public School v. Commissioners of A. County, 20 Md. 449, 460. Until there shall have been a default in the delivery of the duplicate, the question of the duty of the defendants to deliver such duplicate cannot be considered. The showing made by the relator may convince us that the defendants will omit to perform their duty; but, until they shall have omitted such performance, we cannot interfere by mandamus, no matter how disastrous may be the consequences to the relator: The State ex rel. Price v. Carney et al., 3 Kan. 88, 91.

And now, Dec. 29, 1924, judgment is entered on the demurrer in favor of the defendants and against the plaintiff.

From Aaron S. Swartz, Jr., Norristown, Pa.