THE STATE OF KANSAS, *ex rel. The Cherokee-Lanyon Spelter Company*, V. D. W. SHUFFORD *et al.*

No. 15,367.    (94 Pac. 137.)

SYLLABUS BY THE COURT.

1. QUO WARRANTO—*Annulment of Municipal Charter—Parties.* A private person cannot use the name of the state in an action of *quo warranto* for the disorganization of an incorporated city when the purpose of the action is to withdraw the property of such person from municipal taxation.

2. PETITION—*Joinder of Actions.* A petition in such an action which avers a cause of action against the mayor, councilmen and assessor of the city to disorganize the municipality, and also one against the county clerk and the county treasurer to enjoin the collection of a tax levied against the property of the plaintiff in such city, contains two causes of action which are improperly joined.

3. MUNICIPAL CORPORATIONS—*Action to Annul Charter—Parties.* An action to annul the charter of an incorporated city on the ground that it was illegally organized must be brought in the name of the state, by some officer authorized to represent the interests of the public, as the attorney-general or the county attorney.

4. INJUNCTION—*Collection of a Tax—Action in the Name of the State.* A suit cannot be maintained in the name of the state to enjoin the collection of a tax levied by a city for municipal purposes against the property of a private citizen merely because the owner of the property claims the tax to be illegal.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed February 8, 1908. Affirmed.

STATEMENT.

THIS is an action in *quo warranto* to cancel the charter of the city of Gas, in Allen county, and to enjoin the collection of taxes levied upon real estate situated within the limits of that city. A demurrer was sustained to the petition, and, the plaintiff electing to stand upon its pleading, the case was dismissed at the cost of the plaintiff, and it brings the case here.

Facts sufficient to show the controversy, briefly stated, are that in 1901 steps were taken which resulted in an order of the board of county commissioners incorporating the city of Gas as a city of the third class. This order included within the boundaries of the city the real estate in controversy, which consists of about forty acres of unplatted land owned by the Cherokee-Lanyon Spelter Company. Afterward, in 1904, the governor of the state, upon a showing as required by law, issued a proclamation declaring Gas to be a city of the second class. The land in question was assessed and taxed for city purposes.

The owner of the land, through its manager, C. H. Tolle, commenced this action June 12, 1905, in the district court of Allen county. The action was entitled, "The State of Kansas, upon the relation of C. H. Tolle, v. D. W. Shufford," etc. The mayor and councilmen, the assessor of the city, and the clerk and treasurer of the county, were each personally named as a defendant. The body of the petition commenced:

"Now comes B. E. Clifford, the duly elected, qualified and acting county attorney of Allen county, Kansas, on the relation of C. H. Tolle, general manager of the Cherokee-Lanyon Spelter Company, of said county, and gives the court to understand and be informed," etc.

The petition contained two causes of action, one against the city officers to set aside the city organization, and one against the county officers to enjoin the tax levied against the land of the spelter company. Afterward, the petition was amended in its introductory paragraph so as to read:

"Now comes B. E. Clifford, the duly elected, qualified and acting county attorney of Allen county, Kansas, and brings this action for and on behalf of the state of Kansas, on the relation of C. H. Tolle, general manager of the Cherokee-Lanyon Spelter Company, of the said county, and gives the court to understand and be informed," etc.

To this petition the defendants filed a joint and .several demurrer, which, omitting the caption, reads:

"(1) Because said petition does not, nor does either· of the alleged causes of action therein, state facts sufficient to constitute a cause of action in favor of said plaintiff and against said defendants, or either of them.

"(2) Because said petition shows upon its face that said plaintiff has no legal capacity to sue on the alleged second cause of action stated in said petition.

"(3) Because said petition shows upon its face that there is a defect of parties plaintiff, in this, that said action is not brought or prosecuted by the Cherokee-Lanyon Spelter Company mentioned in said petition, the real .party in interest.

"(4) Because said petition shows upon its face that several alleged causes of action are improperly joined therein, in this: (1) That an alleged cause of action in favor of the state of Kansas is joined with an alleged cause of action in favor of the Cherokee-Lanyon Spelter Company mentioned in said petition; and (2) that an alleged cause of action in favor of said plaintiff and against ·the defendants, D. W. Shufford, as mayor of Gas, George Davis, W. A. Thompson, Ed. Luckey, D. Nachtschatt, E. T. Wilson, D. C. Dority, J. H. Hunt, and J. C. McCracken, as councilmen of Gas, and John W. Tefft, as city assessor of Gas, Kan., is joined with an alleged cause of action against J.·W. Kelso, as county clerk of Allen county, Kansas, and Frances Wilson, as county treasurer of said county; and (3) that an alleged cause of action in *quo warranto* is joined with an alleged cause of action to enjoin the collection of the tax mentioned in said petition."

This demurrer was sustained, and the petition was again amended by changing the title so ˙ as to read: "The State of Kansas, on the relation of the Cherokee-Lanyon Spelter Company, plaintiff, v. D. W. Shufford," etc. The introductory paragraph was changed so as to read: ˎ

"Comes now B. E. Clifford, the duly elected, qualified and acting county attorney of Allen county, Kansas, and brings this action on the behalf and for the state of Kansas, on the relation of the Cherokee-Lanyon

Spelter Company, and gives the court to understand and be informed," etc.

The defendants again demurred, upon the same grounds as before, and the demurrer was sustained. This is the ruling of the court which the plaintiff in error claims was erroneous.

A temporary injunction was granted restraining the collection of the tax of which the plaintiff complained.

*Charles H. Apt,* for plaintiff in error; *B. E. Clifford, Woodruff & Mann,* and *McClain & Apt,* of counsel.

*Altes H. Campbell,* and *John F. Goshorn,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: Who the party plaintiff is in this case does not seem clear. The name "The State of Kansas" appears in the title of the action, but it seems to have been used by the Cherokee-Lanyon Spelter Company for the purpose of setting aside an illegal tax which had been levied against its property. The petition contains two causes of action—one in *quo warranto,* and another for injunction; but they are each used as a means to the same end. The action does not appear to have been prosecuted for the purpose of disorganizing the municipality of the city of Gas for public considerations of any kind, but solely to relieve the real estate of the spelter company from municipal taxation. No interests of a public nature seem to be involved.

The name of the county attorney appears in the body of the petition, to the effect that the action is brought in behalf of the state of Kansas, upon the relation of the Cherokee-Lanyon Spelter Company. That officer, however, does not appear to have instituted the action; he is not the attorney therein, nor does he appear to have any management or control thereof.

Actions must be brought by the real party interested in the relief sought by the suit. In actions involving

public interests the state is the proper plaintiff, but such cases must be brought by some public officer authorized to represent the public interests, as the attorney-general or the county attorney. Private persons cannot use the name of the state merely to subserve their own purposes. This is the clear purpose of the code, and the rule has been the subject of many decisions of this court. (*Craft v. Jackson Co.*, 5 Kan. 518; *Miller v. Town of Palermo*, 12 Kan. 14, 16; *Lewis v. Comm'rs of Bourbon County*, 12 Kan. 186, 203; *A. T. & S. F. Rld. Co. v. Wilson, Treas.*, 33 Kan. 223, 6 Pac. 281; *A. T. & S. F. Rld. Co. v. The State*, 22 Kan. 1; *In re Short, Petitioner*, 47 Kan. 250, 253, 27 Pac. 1005; *Mendenhall v. Burton*, 42 Kan. 570, 22 Pac. 558; *Topeka v. Dwyer,* 70 Kan. 244, 78 Pac. 417; *Levitt v. Wilson*, 72 Kan. 160, 83 Pac. 397.) This is an action in which the state of Kansas has no interest, and its name as used does not conceal or change the private character of the relief sought. The Cherokee-Lanyon Spelter Company is the real party in interest, and the only proper plaintiff.

The two causes of action are improperly joined. If the action be regarded as one brought in the name of the state to disorganize the municipality, then, the state having no interest in the private concerns of the Cherokee-Lanyon Spelter Company, the suit for injunction could not be joined with the proceeding in *quo warranto.* If it be regarded as an action by the Cherokee-Lanyon Spelter Company for its own private interests, then the action of *quo warranto,* being public in its nature, could not be joined with the suit for injunction. As applied to this action, the state prosecutes to protect the public welfare, by preventing the confusion concerning property and other rights which might result from an illegally organized municipal government. The individual prosecutes to avoid the payment of municipal taxes. These interests are incompatible, and cannot be joined. (*Bartlett v. The State,* 13 Kan. 99, 102.)

The same objection may be made concerning the joining of the defendants. The county treasurer and the county clerk have no interest in the *quo warranto* action, and the other defendants have no interest in the injunction. This is in violation of section 83 of the civil code (Gen. Stat. 1901, § 4517), which requires that the causes of action which may be joined in a petition must affect all the parties to the action.

We are unable to say that the court erred in sustaining the demurrer to the second amended petition, and this makes it unnecessary to consider the other questions discussed. The judgment is affirmed.