Johnson, J.
In support of the judgment below it is contended that the relator has no legal capacity to maintain this action. The pleadings and the agreed statement show that the defendants are not claiming to hold the office of mayor, either as individuals or as a commission. It is not claimed by counsel for the relator that they hold that office. The case of the relator rests on the claim that all of the functions formerly exercised by the mayor are now assumed by the defendants, part of them being performed by the commission, the judicial functions formerly exercised by the mayor being performed by the defendant Dell, as municipal judge. However, an examination of- the charter discloses that the powers of the city commission are entirely different from those formerly exercised by the mayor, and that while much of the executive authority of the mayor is now exercised by the commission still the two offices are not in anywise identical. The relator does not show such a state of facts as would authorize him as a private individual to maintain the proceeding.
In State, ex rel. Wasson, v. Taylor, 50 Ohio St., 120, it was held that a private person cannot maintain quo warranto except under the authority conferred by what is now Section 12307, General Code, viz.: “A person claiming to be entitled to a public office unlawfully held and exercised by an *432 other, may, by himself or an attorney at law * * * bring an action therefor.” The court held that other actions in quo zvarranto must be commenced by and on relation of the attorney general or a prosecuting attorney, who is required to commence such action only when directed by the governor, supreme court, .etc., as provided by law. Moreover, in this case the defendant Dell holds a different office by a different title than any of the others hold and cannot be properly joined in an action against them.
In discussing quo zvarranto proceedings it is stated in 32 Cyc., 1447: “No joinder of defendants is proper which unites separate causes of action against several defendants. Thus, if the defendants claim title to different offices by distinct titles, they are improperly joined.” Before a party is entitled to maintain an action in quo warranto to recover a public office, he must show not only that he is entitled to the public office, but also that the identical office is unlawfully held and exercised by another. It is insisted that the right of the relator to hold the office of mayor ás a hold-over official depends upon the validity of the charter, and that if the charter is invalid the office of mayor has not been abolished and he would be entitled still to exercise its functions. Even if this be conceded it would not entitle the relator to maintain this suit against these defendants. It would still be necessary for him to show not only that he was entitled to exercise the office of mayor, but that these defendants were unlawfully holding that office and exercising its functions. A private person cannot *433 use the name of the state in an action to annul the charter of an incorporated city on the ground that it contravenes the constitution. Such an action must be brought in the name of the state by some officer authorized to represent the interest of the public, as the attorney general.
4 Dillon on Municipal Corporations (5 ed.), Section 1560, says: “The right to file an information in the nature of a quo warranto, or to institute a civil action or proceeding to arrest a usurpation of such a franchise, does not belong to the individual citizen; the right to institute such proceedings against an existing de facto municipal corporation is in the state, and the institution of the action is a matter in the discretion of the attorney general.”
This proposition is also sustained by The State, ex rel., v. Shufford et al., 77 Kans., 263.
For these reasons the judgment of the court of appeals will be affirmed.

Judgment affirmed.

Nichols, C. J., Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.