No. 22,067.

THE OMAHA CROCKERY COMPANY, *Appellant,* v. C. H. CLEAVER and MRS. C. W. HODGSON, *Appellees.*

SYLLABUS BY THE COURT.

1. ACTION AGAINST PARTNERSHIP—*Cross-demand of One Partner Individually—Not a Proper Counterclaim.* In an action upon a verified account against two partners for an indebtedness of the partnership, a cross-demand by one of the partners individually for damages to her caused by an unrelated tort of the plaintiff cannot be used as a set-off or counterclaim against the plaintiff's action.

2. SAME. Two defendants were partners in conducting a variety store. They bought a small bill of goods from plaintiff, and failed to pay for them. Plaintiff sued the partners upon its verified account. One of the defendants set up a cross-demand for damages to her individually, caused by her being poisoned by the wrappings of a former shipment of goods received from the plaintiff. *Held,* that such cross-demand, not being a mutual defense to her and her partner, cannot serve as a set-off or counterclaim to plaintiff's verified account against the two partners.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed April 12, 1919. Reversed.

*R. W. Turner,* and *D. F. Stanley,* both of Mankato, for the appellant.

*W. R. Mitchell,* of Mankato, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, a Nebraska corporation, brought this action before a justice of the peace, for the price of a small consignment of crockery which it had sold and delivered

to the defendants, who were partners in a variety store in Mankato.

One of the defendants answered with a cross-claim for $2,633.45 as damages, alleging that, in a similar shipment received from plaintiff a few weeks earlier, she had been poisoned by the wrappings in which the crockery had been shipped, and had sustained damages in loss of health, and for doctor's bills, medicines, nurse hire, dressings and attendance.

The pleadings in the district court were those used in the justice court where the action had originated.

The cause was tried without a jury; and the evidence tended to show that the straw, hay, excelsior and paper in which the crockery was packed was infected with some virulent yellow dust or substance which poisoned defendant's hands, face, eyes, and her skin down to the top of her waist. The nature of the poison was not discovered, but it caused intense inflammation; her skin was red and swollen, her eyes nearly swollen shut, and a watery substance exuded from her skin. Other persons who assisted her were likewise somewhat affected, and customers in the store noticed the peculiar odor which appeared to have come from the packing material. The stuff was carried out of the store and burned. The defendant was partly incapacitated for several months, and she required some volunteer and some paid help to conduct her business during her indisposition.

The evidence for the plaintiff tended to show that the packing was all of clean and wholesome materials, and the work of packing was done in a clean and wholesome place of business. There was no evidence as to the condition of the shipment when it was received from the railway company.

At the trial, defendant waived all her claims for damages except for "wages" to herself at $60 per month for the time she had lost through her incapacity.

The court gave judgment for defendant for $114.30, and plaintiff appeals.

Appellant urges many objections to this judgment, the chief of which are: (1) that tort is not an allowable cross-claim before a justice of the peace in an action on a verified account, and that the district court on appeal had no greater jurisdiction than the justice of the peace; (2) that a cross-claim for a

tort by one defendant against a plaintiff's claim against two defendants on an account is bad for want of mutuality; (3) that defendant's bill of particulars was not verified; (4) that defendant and cross-claimant failed to prove plaintiff's negligence, and failed to prove that plaintiff knew or might have known that the wrappings were poisonous; (5) that since plaintiff proved by unimpeached witnesses the wholesome and sanitary packing of the goods by plaintiff, the fact that the packing was poisonous when the goods were received did not establish a case of negligence against plaintiff, as alleged, in "carelessly and negligently" packing the shipment of goods "in wrappings which contained poison" and "that the wrappings of said goods were full of dust and poison"; and (6) that the evidence failed to prove the damages which were voluntarily narrowed by defendant at the trial to "wages," and that a partner is not entitled to wages in the absence of a partnership agreement to that effect.

As the court has not been favored with a brief by appellee in answer to these contentions, we will only consider one of them —one which obviously disposes of the whole controversy. Plaintiff's action was against two defendants, who, as partners, were liable on its verified account. In an action of that sort, one of the defendants could not set up a cross-claim founded on a tort personal to herself against the partnership liability; and the reason is that there is want of mutuality. The defendants have no community of interest in such cross-demand. It was wholly unrelated to the transaction which is the basis of the verified account.

In 25 American and English Encyclopedia of Law, second edition, page 524, it is said:

"It is also a generally prevailing rule that where there are two or more defendants jointly sued by the plaintiff, one or more of such defendants less than all cannot set off a debt due from the plaintiff to him or them only. This rule will prevent the setting off of their several claims against the plaintiff by each defendant. And in an action against a partnership the indebtedness of the plaintiff to one of them cannot be set off." (See, also, id., Note 3, p. 524.)

In 34 Cyc., page 727, it is said:

"As a broad general rule a joint debt cannot be set off against a separate debt, nor counter-claimed, nor can a separate debt be set off

against a joint debt, nor counter-claimed, nor pleaded in reconvention. . . . A debt due by plaintiff to only part of joint defendants cannot be set off against the joint debt due to plaintiff."

In *Roberts v. Donovan*, 70 Cal. 108, it was said:

"In an action against two or more joint debtors to enforce their joint liability, the summons being served on all of them, one of the defendants cannot set up by way of counter-claim a cause of action existing in his favor alone against the plaintiff." (syl. ¶ 2.)

(See, also, *Rogers v. McMillen*, 6 Colo. App. 14; *Hunter v. Booth*, 82 N. Y. Supp. 1000; *Manufacturing Co. v. Cycle Co.*, 55 S. C. 528; *Ritchie & Wales v. Moore, &c.*, 5 Munford [Va.], 388.)

Causes of action which the code permits to be united, other than to enforce liens, are those which affect all parties to such causes of action, and cross petitioners are plaintiffs in effect. (Civ. Code, §§ 88, 97-102, Gen. Stat. 1915, §§ 6979, 6989-6994; *Hudson v. Comm'rs of Atchison Co.*, 12 Kan. 140; *Swenson v. Plow Company*, 14 Kan. 387; *Palmer v. Waddell*, 22 Kan. 352; *Bobbs v. Stauffer*, 24 Kan. 127; *Jeffers v. Forbes*, 28 Kan. 174; *McGrath v. City of Newton*, 29 Kan. 364; *The State v. Shufford*, 77 Kan. 263, 94 Pac. 137.)

In *The State v. Addison*, 76 Kan. 699, 704, 92 Pac. 581, it was said:

"The third ground of the demurrer seems to be well taken. The petition contains as many separate and distinct causes of action as there are defendants, and each of these several causes of action depends upon its own peculiar facts. Neither defendant is necessarily interested in the defense or success of his codefendants. A separate and different judgment must be entered upon each cause of action. Under the code every cause of action in the petition must affect all the parties to the action; otherwise they cannot be joined. (Code, § 83; Gen. Stat. 1901, § 4517; *Hurd v. Simpson*, 47 Kan. 372, 27 Pac. 961; *Rizer v. Comm'rs of Davis Co.*, 48 Kan. 389, 392, 29 Pac. 595; *L. N. & S. Rly. Co. v. Wilkins*, 45 Kan. 674, 677, 26 Pac. 16.)"

(See, also, *Hurd v. Simpson*, 47 Kan. 372, 27 Pac. 961.)

To be of any validity, a cross-demand, set-off, or counter-claim must be sufficient in itself to form the basis of a cause of action (Civ. Code, §§ 97-102, Gen. Stat. 1915, §§ 6989-6994), and the test of the mutuality of interest in such set-off or counterclaim must be the same as that required to permit the joinder of causes of action under section 88 of the civil code (Gen. Stat. 1915, § 6979).

It will thus be seen that while the grievance of one of these defendants, Mrs. Hodgson, may be the subject matter of a meritorious separate lawsuit against the plaintiff, the want of mutuality between her and her codefendant prevents consideration of her individual grievance in this action against her partner and herself on plaintiff's verified account for goods sold and delivered to them.

This necessitates a reversal of the judgment, and the cause is remanded with instructions to enter judgment for plaintiff on its verified account.