Ruby v. Baker.

No. 22,778.

T. B. RUBY, *Appellant,* V. JOHN BAKER et al., *Appellees.*

SYLLABUS BY THE COURT.

DAMAGES—*Assault and Battery—Several Defendants—Set-off in Favor of One Defendant Only—When Permissible.* Where several defendants are sued by the plaintiff upon the charge of having committed an assault upon him, a claim against him for having alienated the affections of the wife of one of the defendants may be interposed as a set-off, where the answer shows a waiver of all right to affirmative relief.

Appeal from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed May 8, 1920. Affirmed.

*R. W. Turner, D. F. Stanley,* both of Mankato, *Frank A. Lutz,* and *A. E. Jordan,* both of Beloit, for the appellant.

*A. E. Crane,* of Topeka, and *N. C. Else,* of Osborne, for the appellees.

The opinion of the court was delivered by

MASON, J.: T. B. Ruby sued John Baker and six others, charging them with assault and battery, including the administering of a coat of tar and feathers. The defendants, in addition to a general denial, pleaded as a set-off a claim of Baker for damages for the plaintiff having debauched his wife and alienated her affections. This portion of the answer was attacked by a motion to strike out and by a demurrer, both of which were overruled, the plaintiff appealing from the rulings.

The sole question presented is whether such set-off is admissible. Formerly in this state a set-off could be pleaded only in an action on contract, and was required to be founded on a contract or judgment. (Gen. Stat. 1901, § 4532.) For this provision the following was substituted in 1909: "A set-off can only be pleaded in an action in which a recovery of money is sought, and must be a cause of action for the recovery ·of money." (Gen. Stat. 1915, § 6992.) A tort may therefore be pleaded as a set-off in an action on a tort. (*Cooper v. Seaverns,* 97 Kan. 159, 155 Pac. 11.) The plaintiff contends, however, that the cause of action sought to be used here as a set-off is not

available because of a want of mutuality, his claim being against all the defendants, while the cross demand against him exists in favor of but one of them. In support of this contention he relies upon the recent case of *Crockery Co. v. Cleaver,* 104 Kan. 642, 180 Pac. 273. Language was used in that opinion seemingly tending to sustain his view, but it must be interpreted in the light of the facts to which it was applied. There an action was brought against two partners on a firm account. One of the defendants pleaded as a set-off a claim in a larger sum for damages on account of an injury inflicted upon her by the wrongful act of the plaintiff. She was found to have a valid demand for $114.30 more than the partners owed the plaintiff, and was given a judgment for that excess. If the plaintiff's own claim had been reduced or defeated altogether, the judgment would have been correspondingly increased. That judgment was reversed on the ground of a want of mutuality in the opposing demands which had been litigated. Obviously, one partner had (in the legal sense) no interest whatever in any demand of the other for an affirmative judgment against the plaintiff, and could not have been affected by it. The cause of action upon the tort was not used for merely defensive purposes, but as the foundation for affirmative relief. To a claim asserted in that manner by a defendant the term "set-off" is properly applied (Gen. Stat. 1915, § 7314; 34 Cyc. 644; 25 A. & E. Encycl. of L. 489), although etymologically it may not seem entirely appropriate.

In the present case the answer does not ask that if the plaintiff shall fail to establish the assault and battery the defendant Baker shall be allowed damages against him for alienating his wife's affections, or that if both injuries are proved and the damages for the assault are found to be less than for the alienation Baker shall have judgment for the difference. Its prayer is merely that if the plaintiff be found to have been injured by the wrongful act of the defendants the sum fixed as the measure of his compensation therefor shall have credited upon it the amount of damage sustained by Baker by reason of his injury, the language clearly indicating a waiver of any claim to affirmative relief in any event. Nothing whatever is asked in behalf of Baker if the plaintiff's claim is not upheld, and no judgment for the difference is sought if the plaintiff

should be adjudged to have been damaged, but in a less amount than Baker. In that situation the other defendants have an interest in Baker's cross demand. So far as the amount decided to be due to him for his injury may by its application thereto reduce or wipe out any award made to the plaintiff on account of the wrong inflicted upon him, they are affected by it, because their obligation to make payment to the plaintiff is by that use of it diminished or extinguished, and no other force is sought to be given it.

The spirit of the code favors the settlement in one action of different controversies, where the circumstances interpose no obstacle, but recognizes the principle upon which the requirement of mutuality in cross demands is based, by providing that except in actions to enforce liens the causes of action united must affect all the parties. (Gen. Stat. 1915, § 6979.)

Where in a suit against a number of defendants for collectively inflicting an injury upon the plaintiff a cross demand existing in favor of one of them is set up purely in a defensive way, his codefendants have the same interest as himself in its establishment. Its application to the reduction or cancellation of the obligation to the plaintiff inures to the benefit of all the defendants alike, since that is the effect of any payment or part payment. (*Westbrook v. Mize*, 35 Kan. 299, 10 Pac. 881.) No reason is apparent why its use in that manner should not be allowed.

It is true that the precise point presented seems not to have received much discussion by the courts, but the reason doubtless is that a defendant rarely uses for purely defensive purposes a cross demand capable of being made the basis of affirmative relief. It has been held, however, that a claim of one of several defendants against the plaintiff for a sum greater than that sued for may be used by way of set-off as a defense, but that no judgment for the surplus could be rendered, the court saying:

"If, as the verdict tends to show, the set-off was due to only one of the defendants, this would constitute a good defense to the plaintiff's action, but would not authorize a recovery for the excess, for the reason that such recovery would require a change, to that extent, of the parties to the judgment. In fact, it would, in effect, require two judgments; one in favor of one defendant for the certified balance, and the other in favor of all the defendants for the costs of the suit. This cannot be done in

legal proceedings. But it furnishes no reason why such demand should not be a complete answer to the plaintiff's right of recovery." (*Locke, Administrator, v. Locke et al.,* 57 Ala. 473, 475.)

Moreover, the want of mutuality which is held to prevent the use as a set-off or counterclaim of a demand in favor of one of a number of defendants does not appear to have been recognized with respect to common-law recoupment. That remedy was available only as a defense, no judgment being allowed for any surplus, either in the action in which it was used defensively (25 A. & E. Encycl. of L. 549; 34 Cyc. 642), or in a separate later proceeding. (Bouvier's Law Dictionary, title "Recoupment.") "It seems that in the absence of any statute requiring it, a claim to recoup need not exist solely in favor of the defendant and against the plaintiff to the action, since it goes merely to the abatement of the plaintiff's recovery, and does not call for a judgment for any balance against him." (24 R. C. L. 868, quoting note, 40 Am. Dec. 327.) The right to plead, by way of recoupment, a cross demand existing in favor of but one of two defendants has been justified by an argument, the whole of which is here reproduced:

"The note upon which the plaintiff sought to recover was made by the two defendants jointly; and it is insisted that the two defendants were not entitled to recoup the damages arising on the breach of a warranty, on the sale which constituted the consideration of the note, because that sale was made to one of the defendants only.

"If recoupment were allowed on the same principle of a set-off merely, this objection would be insurmountable. A set-off is in the nature of a cross action to the full extent: It does not deny the validity of any part of the plaintiff's claim or cause of action, but sets up a separate and independent claim against the plaintiff; and the defendant is entitled to judgment upon any surplus of his claims beyond those of the plaintiff.

"A defense by way of recoupment denies the validity of the plaintiff's cause of action to so large an amount as he claims. It is not an independent cross claim, like a separate and distinct debt or item of account due from the plaintiff, but is confined to matters arising out of or connected with the contract or transaction which forms the basis of the plaintiff's action. It goes only in abatement or reduction of the plaintiff's claim, and can be used as a substitute for a cross action only to the extent of the plaintiff's demand. No judgment can be obtained by the defendant for any balance in his favor. See *Ward v. Fellers,* 3 Mich. 282, where the distinctions between these two classes of defenses are very fully discussed.

"It is not denied that the defense, by way of recoupment, would have been available to the defendant who purchased the cattle, if the note had been given by, and the suit brought against, him alone.

"Now the only consideration given for the note was received by Findley McHardy. Donald McHardy, though a joint maker in form, would seem to have been, as between himself and the other defendant, but a surety; and it is difficult to discover any good reason why he should not be entitled to any defense, connected with the consideration, which would be available to the real principal in the transaction had he made the note and been sued alone. If the consideration paid to the former inures to bind the latter, can there by any good reason why a want or failure of that consideration should not inure to his benefit? We can discover no more reason why the defense, in the present case, should not enure to the benefit of both defendants, than if it had been a defense by way of payment, want or failure of consideration for the note, or fraud in the sale for which the note was given. It prevents circuity of action, and accomplishes full justice to all the parties without the violation of any rule of law.

"If, instead of setting this up in defense, a cross action had been brought, such cross action probably could not have been maintained by the two defendants jointly. But we cannot see why this consideration should affect the question when set up in defense only in abatement of the amount of the plaintiff's recovery." (*M'Hardy v. Wadsworth*, 8 Mich. 349, 353.)

If one of several defendants voluntarily elects to renounce his privilege of demanding affirmative relief upon a claim existing in his favor against the plaintiff, his right to make such renunciation can hardly be questioned, and we discover no reason why, having chosen that course, he should not be permitted, upon the grounds indicated in the foregoing quotation, to interpose his set-off as a mere defense for the benefit of himself and his codefendants, the objection of a want of mutality being thereby met.

In *Austin v. Feland, Graves and Graves*, 8 Mo. 310, the action was brought against the three makers of a note, by one who had obtained it from the payee by asignment. Two of the defendants were permitted to plead as set-offs indebtedness due them individually from the assignor—a situation in which they could of course have no affirmative relief in that action. No comment was made upon this feature of the matter, and the opinion perhaps indicates that the practice would have been approved even had affirmative relief been obtainable and asked for. The court, however, used this language, which we regard as countenancing the distinction under discussion:

"A fourth objection is, that the defendants being sued jointly, they were permitted to set off demands due them separately, from the assignor

of the plaintiff. . . . If there is any objection to this, it must be technical. It is because it is a matter not between the plaintiff and all the defendants. If a plaintiff sues two in debt, one of them may plead payment, or a tender with his own money, and thereby defeat a recovery. Why, then, if he will take his own debt, and set it off against the plaintiff, and thus defeat his action, may it not be done? There is no solid distinction between the case of a payment with his own money by one defendant, and pleading a set-off due him alone." (p. 312.)

It being the policy of the Kansas law to permit one tort to be pleaded as a set-off to another—a policy in harmony with the modern tendency to avoid circuity of action and multiplicity of suits—we see no obstacle to the controversies here involved being tried out in one action under the pleadings as now drawn, the objection of want of mutuality—of the possibility of the rendition of a judgment not affecting all the parties—being disposed of by the defendant Baker's waiver of his right to ask an affirmative judgment against the plaintiff.

The judgment is affirmed.