No. 29,470.

THE NORTH AMERICAN FINANCE CORPORATION, *Appellee*, v. HENRY CANNAVAN et al., *Appellants.*

(286 Pac. 248.)

Opinion filed April 5, 1930.

*David F. Carson* and *William K. Ward,* both of Kansas City, for the appellants.

*A. M. Etchen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The North American Finance Corporation

sued Henry Cannavan and his wife, Mamie Cannavan, and in its petition set forth two causes of action. The first was based upon a promissory note in the sum of $5,000 secured by a mortgage on real estate for which a foreclosure was asked. The second cause of action was based on sale contracts or title notes taken by the defendant from customers who had purchased furniture from defendant on the installment plan, and upon which plaintiff claimed a recovery of $13,317.20. An itemized account was set up by the plaintiff which included 124 items. The defendant filed an answer and cross petition in which the execution of the note and mortgage was admitted. Defendants allege that Cannavan was engaged in the furniture business, selling furniture on the installment plan and taking sales contracts or title notes, and that in November, 1926, defendants entered into a contract with plaintiff by which plaintiff was to advance money to defendant to pay an amount which he had borrowed from a bank, and also an advancement of $1,000, making a total indebtedness of $10,850, and that he indorsed and delivered to plaintiff title notes secured by chattel liens upon furniture he had sold to many customers amounting to $16,701. Afterwards other contracts of a similar nature were made, and title notes delivered by him to plaintiff. That he has received from plaintiff $16,857.58, and that during the whole period defendant had turned over to plaintiff title notes and the real-estate mortgage note to the amount of $32,077.20, and had made additional payments in the sum of $10,256.29, making in all $42,333.89, which plaintiff has received from defendant. There was a further allegation that plaintiff has taken from defendant's customers furniture sold on which he had liens and has failed to account to him for such payments. That he is unable to ascertain the exact amount, as the papers are in possession of plaintiff and it refuses to make an accounting of the same although he had orally and in writing often demanded an accounting. He prayed that plaintiff be restrained from collecting on the notes now in its hands, that plaintiff be required to account to defendant for money collected from his customers on sales contracts for furniture that he had turned over to plaintiff, and that he be awarded judgment against plaintiff for $25,476.31, being the excess of the amount owing by him to plaintiff.

With his answer Henry Cannavan filed a cross petition setting up a cause of action in the nature of a set-off in tort, alleging that plaintiff had willfully and maliciously slandered him and his business

integrity by visiting the homes of his customers and telling them not to pay money to defendant, and if they did plaintiff would not get it and they would have to pay claims a second time. Also saying that defendant was overcharging the customers for the goods sold and that he was "the biggest crook" in Kansas. It was further alleged that plaintiff was reporting that he was going to padlock his doors and close up his business, and that plaintiff had sent out false written statements of accounts to his different customers and thereby had deprived defendant of customers in order to procure them to deal with plaintiff instead of defendant. Defendant alleged that he had been damaged to the extent of $10,000 by the slanders and he asked judgment for that amount, and also that punitive damages be allowed to the extent of $5,000.

Two separate demurrers were filed by plaintiff, one to the amended answer of defendant and the other to the cross petition setting up charges of slander. The court overruled the demurrer to defendant's answer but sustained the demurrer to his cross petition. Defendant appeals from the ruling sustaining the demurrer to the cause of action for slander.

That ruling was based upon the ground that the complaint of slander was a matter between Henry Cannavan and the plaintiff alone, and that Mamie Cannavan, the other defendant in the case, is in no way interested in it. The demurrer was rightfully sustained. There is a lack of mutuality necessary to the maintenance of the defenses pleaded, as one defendant cannot set up a counterclaim or set-off existing in his favor alone. The suit, as we have seen, was brought against both defendants. The cross petition of Henry Cannavan avers that plaintiff had slandered him and no claim is made that Mamie Cannavan, the other defendant, is interested or concerned in the cause of action for the alleged tort. It has been decided that, "In an action upon a verified account against two partners for an indebtedness of the partnership, a cross demand by one of the partners individually for damages to her caused by an unrelated tort of the plaintiff, cannot be used as a set-off or counterclaim against the plaintiff's action." (*Crockery Co. v. Cleaver,* 104 Kan. 642, 180 Pac. 273.) In the opinion it was said:

"Causes of action which the code permits to be united, other than to enforce liens, are those which affect all parties to such cause of action, and cross petitioners are plaintiffs in effect. [Citing a number of cases.]" (p. 645.)

It was further added:

"It will thus be seen that while the grievance of one of these defendants, Mrs. Hodgson, may be the subject matter of a meritorious separate lawsuit against the plaintiff, the want of mutuality between her and her codefendant prevents consideration of her individual grievance in this action against her partner and herself on plaintiff's verified account for goods sold and delivered to them." (p. 646.)

See, also, *Hurd v. Simpson*, 47 Kan. 372, 27 Pac. 961; *State, ex rel., v. Addison*, 76 Kan. 699, 92 Pac. 581; *Ruby v. Baker*, 106 Kan. 855, 190 Pac. 6; *Dunn v. Mortgage Co.*, 113 Kan. 169, 213 Pac. 655; *Roberts v. Donovan*, 70 Cal. 108.

Another ground of complaint is of the ruling of the court appointing a referee to try the issues in the case. Defendants objected to the referee, insisting that they were entitled to a jury trial. In its decision the court said that an examination of the pleadings shows that long and tedious accounts are involved which will require an examination to determine the indebtedness of one party to the other. The referee, T. F. Railsback, was directed to take an accounting between plaintiff and defendants, and try out questions of law and fact touching that indebtedness as presented by the pleadings, exclusive of the defendants' claim for damages. The suit is equitable in its nature, involving, as it does, the foreclosure of a mortgage lien and an accounting. The code provides that references may be made on consent of parties and in case they do not consent the court may direct a referee where a trial requires an examination of mutual accounts or where there is a long account on one side (R. S. 60-2923). Here there are mutual accounts. Plaintiff, as shown, has set out an account of more than 100 separate transactions and defendants add many more. In the answer defendants are demanding that plaintiff account to them for moneys collected from customers from time to time, of furniture taken from them without accounting for the proceeds. They are complaining because no account has been furnished to them by the plaintiff, and in their prayer they ask the court to require an accounting. It is clear, therefore, that the case is peculiarly one for a trial by a referee and certainly it cannot be said that there was an abuse of discretion in making the appointment. (*Bank v. Myers*, 104 Kan. 526, 180 Pac. 268; *Drovers and Merchants Bank v. Williamson*, 121 Kan. 301, 246 Pac. 676.)

The judgment is affirmed.