No. 34,078

The Beeler & Campbell Supply Company, *Appellee*, v. E. A. Warren, A. S. Hopkins, Hugh Edward Hale, The Citizens Gas Company, and The Ozark Pipe Line Company, *Appellants*.

(86 P. 2d 482)

Opinion filed January 28, 1939.

*LeRoy Bradfield,* of Neodesha, *Payne H. Ratner, Stuart T. McAlister* and *Louise Mattox,* all of Parsons, for the appellants.

*Elmer W. Columbia,* of Parsons, *Chester Stevens* and *Wallace Carpenter,* both of Independence, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for the recovery of a money judgment against each of the five defendants. The action has not been tried. The appeal was taken by all defendants and involves orders and rulings on a motion to strike and several demurrers to plaintiff's petition, an order sustaining plaintiff's demurrer to the cross petition of a single defendant, and the further question whether the trial court erred in refusing to make the demurrer of the plaintiff to the cross petition of that single defendant reach back and search the sufficiency of plaintiff's petition to state a cause of action against all defendants.

The plaintiff was the Beeler & Campbell Supply Company, a corporation. The defendants were the Ozark Pipe Line Company, a corporation, the Citizens Gas Company, a corporation, and three individuals, E. A. Warren, A. S. Hopkins, and Hugh Edward Hale. In the course of this opinion we shall refer to the parties as plaintiff and defendants, except when referring to separate defendants we shall refer to the Ozark Pipe Line Company as the Pipe Line Com-

pany, to the Citizens Gas Company as the Gas Company, and to the three individual defendants as Warren, Hopkins and Hale.

The Supply Company brought the action to recover the sum of $6,151.67, for which it alleged the Pipe Line Company had been indebted to it originally under an oral contract on account of the construction of certain pipe lines and a compressor station. The Supply Company joined the other parties as defendants on the theory they and each of them were now also liable to it for the amount originally owed only by the Pipe Line Company. The indebtedness of each of the other defendants was claimed by virtue of a written contract entered into between all of the defendants on September 18, 1933. In its petition the Supply Company pleaded in substance that under the terms of that written contract, which was attached to the petition and which was signed by all of the stockholders of both defendant corporations and by the individual defendants, Warren, Hopkins and Hale, that the defendant companies had sold and the three individual defendants had purchased all of the capital stock of both defendant corporations, and that under the terms of such contract the Gas Company and the three individual defendants had each made themselves liable for the original debt of the Pipe Line Company, and the plaintiff had a right to recover on the written contract for the reason that the portion of such contract which pertained to the payment of the instant claim was made for its benefit.

The petition was filed July 20, 1937. To the petition the Gas Company and the individual defendants, Warren, Hopkins and Hale, filed separate demurrers on the grounds the petition did not state a cause of action against them and that such fact appeared upon the face of the petition. Those demurrers were overruled on October 18, 1937. On the same date the motion of the Pipe Line Company to strike from the petition the written contract pleaded therein was overruled. On December 11, 1937, the Pipe Line Company filed its separate answer and cross petition. In the cross petition the Pipe Line Company sought affirmative relief against only the plaintiff Supply Company in the sum of $40,068.20. That affirmative relief was sought on the ground of an alleged breach by the Supply Company of a contract to sell to the Pipe Line Company all of its gas produced from certain leases in Montgomery and Labette counties. On February 26, 1938, the plaintiff Supply Company filed its separate amended motions to strike the first and second causes of action

contained in the cross petition. On the same date plaintiff filed separate amended demurrers to the first and second causes of action set forth in the cross petition. The motions and demurrers were in part the same, and in substance were: Misjoinder of causes of action; by reason of want of mutuality of interest between the various parties affirmative relief could not be sought in this action by the defendant Pipe Line Company against the plaintiff; separate, independent and different judgments must be entered upon the cross petition not affecting all the parties to the action; a judgment in favor of the defendant Pipe Line Company, if rendered, could not constitute a setoff in favor of the other defendants on any judgment plaintiff might obtain against them; the claim contained in the cross petition was an unliquidated claim for damages and could not be litigated in this action.

The demurrers also challenged the sufficiency of the cross petition to state a cause of action against the plaintiff.

On April 30, 1938, the trial court sustained both of plaintiff's amended motions and both amended demurrers. The trial court refused to carry back the amended demurrers of the plaintiff, leveled against the cross petition of the Pipe Line Company, for the purpose of searching the sufficiency of plaintiff's petition against the various defendants. The defendants urge the demurrers of the plaintiff Supply Company to the cross petition of the defendant Pipe Line Company, also renewed the effect of the demurrers of the defendant Gas Company, and the demurrer of the individual defendants, and also the motion of the Pipe Line Company, all previously leveled against plaintiff's petition. It will be recalled those demurrers and that motion had been overruled previously. On June 6, 1938, all defendants, appellants, filed and served their respective notices of appeal. On June 27, 1938, they filed amended notices of appeal.

The defendants concede they did not perfect appeals from the adverse orders and rulings on the motion and their respective demurrers to plaintiff's petition in time, and that this court ordinarily would have no jurisdiction to review such orders and rulings. (G. S. 1937 Supp. 60-3309.) They frankly concede this court has no jurisdiction now to review those orders and rulings unless the trial court erred in refusing to make the demurrers of the plaintiff to the cross petition of the Pipe Line Company search the sufficiency of the petition as to the defendants. Obviously, if the contention of the defendants is correct at all, namely, that the demurrers of the plaintiff

to the cross petition of the defendant Pipe Line Company compelled the court to search the sufficiency of the petition, then the trial court was required to search the sufficiency of that petition only as against the Pipe Line Company. Clearly, plaintiff's demurrers could not have the effect of compelling a search of the petition for the purpose of determining its sufficiency as to other defendants. The only question as to this feature of the case over which we now have jurisdiction is, therefore, whether the trial court erred in refusing to search the sufficiency of plaintiff's petition as against the Pipe Line Company.

It is insisted such refusal constituted error for the reason a demurrer lodged against a pleading is carried back for the purpose of searching the record and is applied against the first pleading which is substantially defective. (*Rohrbaugh v. Cunningham,* 101 Kan. 284, 166 Pac. 471; *Stacey v. Tucker,* 123 Kan. 137, 141, 254 Pac. 339; *Burris v. Burris,* 140 Kan. 208, 34 P. 2d 127.) That such is the general rule is well settled. In order, however, to determine whether that rule is applicable to the particular pleadings in the instant case it is necessary to bear in mind the reason for the rule. If the reason for the rule does not exist, then of course the rule cannot apply. The reason for the rule is that a substantially defective petition does not invite or require a good answer, a good defense. In fact, a fatally defective petition requires no answer at all. In *Baxter v. McDonnell,* 154 N. Y. 432, 48 N. E. 816, it was said:

"A demurrer searches the record for the first fault in pleading and reaches back to condemn the first pleading that is defective in substance, *because* he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it. (*Clark v. Poor,* 73 Hun 143; *Williams v. Williams,* 25 Abb. N. C. 217; *Corning v. Roosevelt,* Id. 220, and cases cited in note.) As 'a bad answer is good enough for a bad complaint,' it is necessary to examine the record to see whether the allegations of the complaint are sufficient to constitute a cause of action." (p. 436.) (Italics inserted.)

In the instant case plaintiff's demurrer was not leveled against the *answer* of the Pipe Line Company on the ground the answer failed to constitute a defense or on any other ground. The answer to plaintiff's petition was not challenged at all. Consequently, there was no occasion for the demurrer to search plaintiff's petition in order to ascertain whether the petition stated a cause of action. Plaintiff's demurrer was leveled against the cross petition of the Pipe Line Company. Cross petitioners are plaintiffs in effect. (*Crockery Co. v. Cleaver,* 104 Kan. 642, 645, 180 Pac. 279.) A cross petition

being equivalent to a petition, such petition must state its own cause of action against the plaintiff. Where a new cause of action is thrust into the pending action, it is not responsive to the original petition and is outside the line of pleading started by the petition, and the rule which requires the searching of the first defective pleading does not apply. (*Fulton Co. G. & E. Co. v. Hudson Riv. T. Co.* 200 N. Y. 287, 292.) In *Anderson Building, Loan Fund and Savings Ass'n v. Thompson et ux*, 88 Ind. 405, it was held:

"A demurrer to a cross complaint or counterclaim, for the want of sufficient facts therein, does not search the record, as would such demurrer to an answer, and fasten upon an insufficient complaint." (Syl. ¶ 5.)

In the instant case plaintiff's demurrer was lodged against an independent cause of action which was injected into the pending action, and in which independent action the Pipe Line Company sought affirmative relief against the plaintiff in the sum of $40,068.20 for the breach of a written contract, a transaction in no manner related to the subject matter contained in plaintiff's petition, and which was not in the nature of a defense to the cause of action set forth in plaintiff's petition. Obviously, the refusal of the trial court to search the sufficiency of plaintiff's petition, under these circumstances, was proper.

The only other question over which we now have jurisdiction is the question of whether plaintiff's demurrer to each of the two causes of action pleaded in the cross petition of the Pipe Line Company or the motion to strike the cross petition, was properly sustained. Both causes of action sought affirmative relief from the plaintiff alone on the theory a written contract for the sale of gas to the Pipe Line Company by plaintiff had been breached by the plaintiff. None of the other parties to the instant action were parties to that contract and no relief was sought against them by the defendant Pipe Line Company. The cross petition here was equivalent to a petition in an action by the Pipe Line Company against the Supply Company. Could the Pipe Line Company, as a plaintiff, have joined in an independent action against the Supply Company the other defendants in the present action who were in no wise related to the contract with the Supply Company, and against which defendants the Pipe Line Company sought no relief of any kind or character? Obviously it could not. Then upon what theory could those defendants in the instant case be either necessary or proper parties under the cross petition of the Pipe Line Company against the Supply Company?

Clearly upon no theory. Under the circumstances we have suggested, namely, of an independent action by the Pipe Line Company against the plaintiff and all the defendants to the instant action, there probably would not exist a misjoinder of causes of action for which the code makes the demurrer a proper weapon of attack (G. S. 1935, 60-705) for the reason that while there would have been only a misjoinder of *parties defendant,* yet only one cause of action would have been stated and against only one defendant. But in the instant case the joinder of an independent action by the Pipe Line Company against the Supply Company alone on a contract which affected the Supply Company only, with the pending action of the Supply Company, on an entirely different contract, which affected all the parties, constituted a misjoinder of causes of action. In *Crockery Co. v. Cleaver,* 104 Kan. 642, 180 Pac. 279, it was held:

"In an action upon a verified account against two partners for an indebtedness of the partnership, a cross demand by one of the partners individually for damages to her caused by an unrelated tort of the plaintiff cannot be used as a setoff or counterclaim against the plaintiff's action." (Syl. ¶ 1.)

In the opinion it was said:

"Causes of action which the code permits to be united, other than to enforce liens, are those which affect all parties to such causes of action, and cross petitioners are plaintiffs in effect. (Civ. Code, §§ 88, 97-102, Gen. Stat. 1915, §§ 6979, 6989-6994; *Hudson v. Comm'rs of Atchison Co.,* 12 Kan. 140; *Swenson v. Plow Company,* 14 Kan. 387; *Palmer v. Waddell,* 22 Kan. 352; *Bobbs v. Stauffer,* 24 Kan. 127; *Jeffers v. Forbes,* 28 Kan. 174; *McGrath v. City of Newton,* 29 Kan. 364; *State v. Shufford,* 77 Kan. 263, 94 Pac. 137.)" (p. 645.)

In *North American Finance Corp. v. Cannavan,* 130 Kan. 468, 286 Pac. 248, it was held:

"Where an action is brought against two defendants upon a note and mortgage executed by both defendants and also for money owing to plaintiff upon accounts of many transactions, and asking judgment for the amount due on defendants' indebtedness, one of the defendants cannot set up in that action by way of a cross demand for damages individually sustained by him, in that plaintiff had made false and slanderous statements as to him and his business integrity, a cause of action existing in his favor alone, and in which his codefendant had no connection or interest." (Syl. ¶ 1.) (See numerous cases therein cited, and also *Clark v. Layman,* 144 Kan. 711, 62 P. 2d 897.)

The Pipe Line Company relies upon *Miller v. Thayer,* 96 Kan. 278, 150 Pac. 537, and *Ruby v. Baker,* 106 Kan. 855, 190 Pac. 6, as

authority for joining the cause of action set forth in the cross petition with the cause of action contained in the petition. Neither case is in point. The first case pertains to a proper defense and counterclaim growing out of the same transaction upon which plaintiff's cause of action was based and the defense and counterclaim related solely to the transaction between the plaintiff and the defendant. The second case involved a cross action by one of the defendants in a tort action and in which cross action all affirmative relief was waived. The cross action was purely defensive, and recovery by the single defendant who filed the cross action would have inured to the benefit of all defendant tort-feasors. The ruling of the trial court on the motion and the demurrer in the instant case was proper. It follows the orders and rulings of the trial court now properly before us for review must be affirmed. It is so ordered.