No. 41,016

EARL ROBINSON, *Plaintiff*, v. CHARLES W. RILEY, *Appellant*, JAMES L. MOORE, *Appellee*, FLOYD SCHROEDER, and THE BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS, *Defendants.*

(331 P. 2d 565)

Opinion filed November 8, 1958.

*Harry E. Robbins, Jr.,* of Wichita, argued the cause, and *Ora D. McClellan, Gerald L. Michaud, Carol V. Creitz, John Wooley,* and *Dan J. Skubitz,* all of Wichita, were with him on the briefs for the appellant.

Appellee filed no brief and made no argument.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff brought this action to recover for personal injuries and property damage, alleged to have been caused by the concurrent negligence of two defendants in the operation of their motor vehicles on a public highway. The sole question involved in this appeal is whether the trial court erred in overruling the demurrer of one of the defendants to the cross-petition of his codefendant. A brief review of the undisputed facts and the pleadings is required in order to insure a proper understanding of the issue involved.

On the afternoon of September 1, 1955, Charles W. Riley was operating a Chevrolet pickup truck on Broadway or U. S. Highway No. 81 in the 5200 Block on North Broadway in Sedgwick County. Behind Riley, James L. Moore, a deputy sheriff of Sedgwick County was driving in the same direction in an automobile on such highway. The motor vehicles in question collided in the 5200 Block on North Broadway and as a result of that collision Moore's vehicle ran off the highway, into and through Earl Robinson's place of business, at which time and place Robinson sustained injuries to his person and property.

Following the accident Robinson instituted an action in the district court of Sedgwick County against the Board of County Commissioners of Sedgwick County, Kansas; Floyd Schroeder, Sheriff of Sedgwick County; James L. Moore and Charles W. Riley to recover damages for injuries alleged to have been sustained by him to his person and property as a result of the collision.

Allegations of the petition filed by Robinson in commencing the action, as well as those of his second amended petition, are of no importance to the issue here involved and need not be detailed. However, for informative purposes it should be stated such pleadings contain allegations charging Riley and Moore with concurrent acts of negligence which, if established by evidence, would be sufficient to subject them to joint and several liability as negligent tort-feasors.

For informative purposes subsequent pleadings, not involved on appellate review because they were filed by the parties prior to the filing of the cross-petition giving rise to the appeal and have not been challenged, will now be noted in the order in which they were filed without reference to content. They are: (1), (2) and (3) Separate answers of defendants Riley, Moore and Schroeder to the second amended petition; (4) answer and cross-petition of defendant Board of County Commissioners; (5) answer of Riley to cross-petition of the defendant Board; (6) reply of Board to answer of Riley to its cross-petition; and (7) reply of plaintiff Robinson to the answers of the several defendants.

Some two and one-half months after joinder of issues, as above related, defendant Moore filed a cross-petition against his codefendant Riley wherein, among other things, he alleged that the collision in question was caused solely by divers acts of negligence (stating them) on the part of the defendant Riley, which were the direct and proximate cause of injuries and damages (describing them) sustained by him in the collision, and prayed for judgment against such codefendant for the sum of $50,000.

Thereupon Riley filed a demurrer to the cross-petition which, so far as here pertinent, reads.

". . . for the reason that the petition of the plaintiff contains a cause of action for the recovery of damages against defendants, Charles W. Riley, James L. Moore, Floyd Schroeder, and the Board of County Commissioners of Sedgwick County, Kansas, and the purported Cross-Petition of defendant, James L. Moore, contains one cause of action for the recovery of damages against defendant, Charles W. Riley, only, and said causes of action are improperly joined in said action, as each does not affect all parties to this action."

When this demurrer was overruled he perfected the instant appeal wherein, as previously indicated, the only issue involved is the propriety of that ruling.

In approaching consideration of the issues involved it can be stated at the outset that the subject of the action is the injuries

sustained by plaintiff to his person and property as a result of the joint and concurrent negligence of the defendants Moore and Riley and that the purpose of the action is to recover damages therefor.

It can also be stated that, under the provisions of G. S. 1949, 60-710, a defendant has a right to set forth in his answer, by way of cross-petition, as many grounds for relief as he may have so long as that relief concerns the subject of the action. However, it is to be noted the right to relief concerning the subject of the action must, under the statute (G. S. 1949, 60-711), be a right to relief necessarily or properly involved in the action for a complete determination thereof or settlement of the question involved therein. That this right to relief may be asserted, under the conditions and circumstances above indicated, by a defendant against his codefendant by cross-petition is fully demonstrated by G. S. 1949, 60-719.

In the instant case Moore attempted to exercise the right authorized by G. S. 1949, 60-710, 711 and 719, by filing a cross-petition against his codefendant Riley, wherein he attempted to inject an independent cause of action into the action in which he sought affirmative relief against such codefendant only, for personal injuries sustained by reason of his codefendant's acts of negligence, alleged to have caused the collision between their motor vehicles. Under such circumstances there can be no doubt the subject of the cause of action brought into the case by Moore is the personal injuries he sustained as the result of the alleged negligence of Riley and the purpose of his action is to recover from Riley the damages thereby sustained. Thus it appears the right to relief asserted by Moore in his cross-petition did not concern the subject of the action instituted by the plaintiff, it did not affect all the parties to that action, and it was neither necessarily nor properly involved in such action for a complete determination thereof or settlement of the questions therein involved. Indeed, in fact and in law, the only parties concerned or affected under the allegations of Moore's belated pleading, filed long after the issues had been joined in the case by all parties involved, were Moore himself and the codefendant against whom he sought relief.

What has been heretofore stated may lead to inquiry on the part of our readers, as it has to us, respecting why the appellant (Riley) did not attack by motion to strike the cross-petition on the ground that under the existing facts and circumstances such pleading was not authorized or permitted by our code of civil procedure,

instead of demurring to it on the ground of misjoinder of causes of action. Appellant gives us no light on that subject in his brief or on oral argument, but our independent research of the authorities has revealed a few cases indicating that such an attack would have been a proper, if not a better, mode of procedure. See, *e. g., Puleo v. Goldberg,* 129 Conn. 34, 26 A. 2d 359; *Montgomery v. Blades,* 217 N. C. 654, 9 S. E. 2d 397; *Horton v. Perry,* 229 N. C. 319, 49 S. E. 2d 734. Be that as it may, since appellant's demurrer is based solely on the ground of misjoinder, our obligation is to determine the propriety of the trial court's action in overruling such demurrer. This, it may be added, is an obligation we must fulfill without help from the appellee (Moore) who has not seen fit to defend the trial court's ruling on appeal in this court by either brief or oral argument.

Stated in his own language the principal question raised by appellant as grounds for reversal of the judgment reads:

"The filing of the cross-petition by appellee (one of the defendants) in which affirmative relief is sought against appellant (another one of the defendants) alone for damages for personal injuries allegedly occasioned by the negligence of appellant alone, constitutes a misjoinder of causes of action, the other defendants and plaintiff not being concerned with the said cause of action or relief sought."

Two claims advanced by appellant as the law of this state in support of his principal question must be conceded. The first is that under provisions of G. S. 1949, 60-601, a plaintiff cannot unite several causes of action in the same petition, unless the causes of action sought to be united or joined affect all the parties to the action, except in actions to enforce mortgages or other liens, with which we are not concerned in this appeal. Quite true. The statute so reads and our decisions (See, *e. g., Gallaway v. Purcell,* 174 Kan. 659, 258 P. 2d 349; *Crisler v. C. K. Packing Co.,* 181 Kan. 118, 309 P. 2d 703) so hold. The second is that a defendant may demur to the petition for misjoinder of causes of action. Express provision for such a demurrer is to be found in G. S. 1949, 60-705.

Notwithstanding what has just been stated it does not follow under the facts and circumstances of this case that, standing alone, the foregoing concessions compel a conclusion the involved demurrer was good. As applied to the first concession such demurrer was not lodged against the plaintiff's petition but directed by a codefendant at a codefendant's cross-petition. With respect to the

second the cross-petition states a cause of action against one co-defendant only; namely, Riley.

Thus it appears further authority for the sustaining of appellant's principal contention must be found in the books on two points if it is to be upheld and the trial court's judgment reversed. They are: (1) Does a cross-petition, such as is here involved, come within the scope of the provisions of G. S. 1949, 60-601, and (2) if so is such a cross-petition demurrable on the ground several causes of action are improperly joined?

An examination of our decisions establishes that the question raised by point (1) must be answered in the affirmative.

This court has long been committed to the rule that causes of action which the code permits to be united, other than to enforce liens, are those which affect all parties to such causes of action, *and cross-petitioners are plaintiffs in effect.* (Civ. Code, §§ 88, 97-102; G. S. 1915, §§ 6979, 6989-6994, now G. S. 1949, 60-601, 60-710 to 60-715.) See *Crockery Co. v. Cleaver,* 104 Kan. 642, 645, 180 Pac. 273; *North American Finance Corp. v. Cannavan,* 130 Kan. 468, 470, 286 Pac. 248; *Beeler & Campbell Supply Co. v. Warren,* 149 Kan. 135, 141, 86 P. 2d 482.

For other statements supporting our conclusion the answer to point (1) must be as above indicated see *Crockery Co. v. Cleaver,* supra, where it is said:

"To be of any validity, a cross-demand, set-off, or counterclaim must be sufficient in itself to form the basis of a cause of action (Civ. Code, §§ 97-102, Gen. Stat. 1915, §§ 6989-6994), and the test of the mutuality of interest in such set-off or counterclaim must be the same as that required to permit the joinder of causes of action under section 88 of the civil code (Gen. Stat. 1915, § 6979 [now G. S. 1949, 60-601])." (p. 645.)

See, also, *Ruby v. Baker,* 106 Kan. 855, 190 Pac. 6, where the following statement appears:

"The spirit of the code favors the settlement in one action of different controversies, where the circumstances interpose no obstacle, but recognizes the principle upon which the requirement of mutuality in cross demands is based, by providing that except in actions to enforce liens the causes of action united must affect all the parties. (Gen. Stat. 1915, § 6979 [now G. S. 1949, 60-601].)" (p. 857.)

Having answered the question raised by point (1) in the affirmative it should now be stated that appellant relies upon our decision in *Beeler & Campbell Supply Co. v. Warren,* supra, as requiring an affirmative answer to point (2), as heretofore posed, and as uphold-

ing the principal question raised by him in the action, *i. e.,* that the trial court should have sustained his demurrer to the cross-petition on the ground of misjoinder of causes of action. Since they are set forth at length in 149 Kan. 135 to 142, Incl., we are not here disposed to labor the facts of the Beeler case or the reasons stated in its opinion for holding that the injection in that case by a cross-petition, on the part of one defendant against the plaintiff of a cause of action which neither concerned nor affected a codefendant, constituted a misjoinder of causes of action requiring the affirmance of the trial court's judgment in sustaining the plaintiff's demurrer to such cross-petition. It suffices to say the opinion in such case makes it clear that this court considered both the opinion and the cross-petition there involved in determining whether, under the existing facts and circumstances, there was a misjoinder of causes of action and, after doing so, said and held:

". . . But in the instant case the joinder of an independent action by the Pipe Line Company [defendant] against the Supply Company [plaintiff] alone on a contract which affected the Supply Company only, with the pending action of the Supply Company, on an entirely different contract, which affected all the parties, constituted a misjoinder of causes of action . . ." (p. 141.)

It may be conceded the Beeler case relates to contracts and that the particular pleading involved therein was a cross-petition against the plaintiff by one of the defendants respecting a contract which did not concern or affect a codefendant, where—as here—the action has to do with alleged torts and the particular pleading in question is a cross-petition filed by one defendant against a codefendant with respect to a separate and distinct tort, which neither concerned nor affected the plaintiff or divers other codefendants and was not necessarily or properly involved in the action commenced by the plaintiff in order to have a complete determination thereof or settlement of the questions therein involved. Even so, we know of no decision, and see no reason for, holding that differences existing in the Beeler case with respect to rights to relief asserted, or the parties asserting them, afford any sound ground for holding that the legal principles announced and applied and the conclusions there reached are not applicable in the case at bar.

Therefore, based on the conclusions heretofore announced, we are constrained to hold appellee's cross-petition injected into the pending action an independent cause of action, not authorized by our code of civil procedure, which, on the basis of what is said and

held in *Beeler & Campbell Supply Co. v. Warren*, supra, constituted a misjoinder of causes of action. It follows the trial court's action in overruling the demurrer to such cross-petition, based on that premise, was erroneous and that its judgment must be reversed with directions to sustain the demurrer.

It is so ordered.